UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRANDON ALTON CONLEY,<br><br>        Defendant. | No.  12-CR-00077-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

This matter comes before the Court on Defendant Brandon Alton Conley's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (Doc. #108) ("MJA"). The Government opposes the Motion (Doc. #112) ("OPP"). For the reasons set forth below, Defendant's Motion for Judgment of Acquittal is denied.[1]

                I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2012, Defendant was indicted for violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), the manufacture of marijuana and possession of a firearm in furtherance of a drug trafficking crime, respectively. Doc. #5.

---

[1] This matter was determined to be suitable for decision without oral argument. See United States v. Green, 89 F.3d 657, 660 (9th Cir. 1996).

1

These crimes arose out of Defendant's involvement with a marijuana grow that took place inside of a warehouse in Stockton, California ("the warehouse"). See Doc. #80. Following this Court's denial of two Motions to Suppress, Defendant proceeded to trial on both counts charged in the indictment on February 11, 2013. Following a four day jury trial, a guilty verdict was returned on both counts on February 15. See Doc. #104.

At trial, it was established that a firearm registered to Defendant was found inside the warehouse, with the manufactured marijuana. This fact remains undisputed. Through the pending motion, Defendant challenges the jury's guilty verdict on Count 2, possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See MJA.

## II.  OPINION

### A.  Legal Standard

Federal Rule of Criminal Procedure 29(c) authorizes the Court to "set aside [a jury] verdict and enter an acquittal," when the evidence presented at trial was not sufficient to sustain a conviction. "A conviction is supported by the evidence if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt." United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986) (citing United States v. Cusino, 694 F.2d 185, 187 (9th Cir. 1982)). Stated differently, the Court must grant "[a] defendant's motion for acquittal . . . if no rational trier of fact could find the

essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the government." United States v. Lucas, 963 F.2d 243, 247 (9th Cir. 1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

B. Analysis

Defendant moves for a judgment of acquittal on the ground that the Government failed to produce evidence at trial substantiating the "in furtherance" requirement of 18 U.S.C. § 924(c)(1). MJA at 2. Specifically, Defendant argues that there was no evidence at trial demonstrating "he intended to use the firearm to promote or facilitate a drug crime . . . ." Id. The Government counters that there was ample evidence to support Defendant's conviction on count 2 under either theory advanced by the Government at trial – direct possession or aiding and abetting. OPP at 2, 6-7.

Defendant cites United States v. Rios, 449 F.3d 1009 (9th Cir. 2006), and relies most heavily on United States v. Krouse, 370 F.3d 965 (9th Cir. 2004), and United States v. Mann, 389 F.3d 869 (9th Cir. 2004), in arguing the application of Ninth Circuit precedent compels a finding that the evidence presented at trial was insufficient to sustain a conviction on Count 2. See Doc. #114 ("REP").

In Rios, the defendant was tried on a 18 U.S.C. § 924(c)(1)(A) charge arising out of a shotgun found at the defendant's residence following the discovery of large quantities of controlled substances defendant was transporting to and from another apartment. 449 F.3d at 1011. In finding that there was not sufficient evidence to support a conviction on the 18 U.S.C.

3

§ 924(c)(1)(A) charge, the court focused on the fact that there was "no evidence [] that the firearm was ever present at the . . . locations of the known drug activities." Id. at 1014.  Even though there was expert testimony that the type of firearm found at defendant's residence was often used by drug traffickers "for protection and intimidation," the fact that there was no evidence establishing the drugs were ever present at the defendant's residence with the firearm was fatal to the 18 U.S.C. § 924(c)(1)(A) charge.  Id. at 1014-16.

Similarly, in Mann, the court held that no reasonable juror could find the essential elements of 18 U.S.C. § 924(c) beyond a reasonable doubt because the in furtherance requirement had not been proven through the evidence presented at trial.  389 F.3d at 872.  The charged firearms were located inside a locked safe, within a car, and the key to the safe was located inside one of the defendant's "sleeping tent[s]."  Id. at 879.  Because "the only evidence adduced at trial showed that the guns were not at hand, [] but locked in a safe in a truck, the key was kept in the area of the campsite [where defendants] slept, and the guns were not easily accessible in an area where drugs were manufactured and stored," there was insufficient evidence connecting the possession of the weapons to defendants' drug crimes. Id. at 880.

The Ninth Circuit found the evidence presented at trial in Krouse "demonstrate[d] a sufficient nexus between the weapons discovered in Krouse's home and his drug trafficking operation." 370 F.3d at 966.  Weapons and drugs were found together at Krouse's home, in the same room, giving rise to the 18 U.S.C. § 924(c) charge.  Id.  The court held that because several

4

"firearms, plus ammunition, were strategically located within easy reach in a room containing a substantial quantity of drugs and drug trafficking paraphernalia," defendant's conviction was properly supported by the evidence. Id. at 968-69.

It is clear from the cases discussed above that the location of the weapon is a crucial factor in determining whether it was used in furtherance of a drug trafficking crime. Certainly, mere presence of a weapon is not enough to satisfy the statute's in furtherance requirement. See Rios, 449 F.3d at 1012, 1014. But, when the location of the weapon suggests it is to be used to further a drug trafficking crime, and there is evidence connecting the firearm to the defendant and the "locus of drug activities," then a guilty verdict may be properly returned. See id.; Krouse, 370 F.3d at 968-69.

In this case, there was sufficient evidence presented by the Government at trial to support a guilty verdict on Count 2. In proving beyond a reasonable doubt that the Defendant "intended to use the firearm to promote or facilitate the drug crime, [e]vidence of this intent is sufficient 'when facts in evidence reveal a nexus between the guns discovered and the underlying offense.'" Rios, 449 F.3d at 1012 (quoting Krouse, 370 F.3d at 967). "Whether the requisite nexus is present may be determined by examining, inter alia, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities." Ibid. As discussed by the Government, the evidence presented at trial showed the firearm at issue in this case was "easily accessible in an area where drugs were manufactured and stored," strategically kept at the center of the

drug trafficking activities.  Cf. Mann, 389 F.3d at 880.  Indeed, the evidence at trial was that the Defendant supplied the weapon to the warehouse, Ramon Gerardo Armenta stored the firearm at the warehouse above his bed, in a room with no door, abutting the marijuana growing operation, and that there was another firearm kept in the same room within the warehouse.  These facts are most similar to Krouse, which supports a finding that the jury's guilty verdict should not be disturbed.  Cf. 370 F.3d at 968-69.

The evidence concerning the placement of the weapon was supplemented by Special Agent Caceres' testimony regarding the prior break-ins at the warehouse, and Armenta's testimony regarding the tactical loading of the weapon and his actual use of the weapon to scare off a perceived threat to the warehouse.  Cf. Krouse, 370 F.3d at 968-69.  Taking all of this evidence together and viewing it in the light most favorable to the Government, the Court finds that "there was relevant evidence from which the jury could reasonably have found [and did find] the defendant guilty beyond a reasonable doubt."  Cf. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986) (citations omitted).

## III. ORDER

For the reasons discussed above, Defendant's Motion for Judgment of Acquittal is denied.

IT IS SO ORDERED.

Dated: May 1, 2013

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge