UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00077-JAM |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| BRANDON CONLEY, | |
| Defendant. | |

On February 15, 2013, Defendant Brandon Conley was found guilty on two counts of (1) manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  ECF No. 101.  On May 21, 2013, this Court sentenced Defendant to 120 months in prison, followed by a 60-month term of supervised release, and a $200 special assessment.  ECF No. 122. Defendant's supervision commenced on May 13, 2021.  Defendant has now filed a pro se motion for early termination of his supervised release.  ECF No. 163.

1

The Court denies Defendant's motion.  Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which provides that a court may:

> [T]erminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); United States v. Henry, No. 11-CR-7032-MLH, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020).  In making that determination, the statute directs the court to "consider[] the factors set forth in section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  18 U.S.C. § 3583(e).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need . . . to afford adequate deterrence to criminal conduct," and "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C).  It is Defendant's burden to justify the early termination of his supervised release.  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Here, Defendant argues that early termination is warranted as he is fully in compliance with all the terms of his supervision, has achieved stable housing and employment, does not use controlled substances, has no psychiatric issues, and has "fully reintegrated into society and is a valued worker, family member and citizen."  ECF No. 163 at 3.  Thus, Defendant argues

he is "an ideal candidate for early termination of supervised release based on every factor the Court must consider." Id.

In opposition, the Government argues that Defendant remains a danger to the public and should be subject to Court supervision during the full term imposed by the Court. ECF No. 165 at 4. Notably, the Government argues that Defendant's offense conduct was serious, as he was tried and convicted for managing an armed marijuana enterprise, and that he remains a danger to the public, as he was disciplined several times while in prison for possessing cell phones, syringes, and other "unauthorized items." Id. at 4-5. The Government also argues that Defendant's boilerplate motion lacks any detail about his activities on supervised release and provides no input from Defendant's Probation Officer. Id. at 5. Thus, the Government argues Defendant fails to carry his burden of demonstrating it is in the interests of justice to terminate supervision early. Id.

Having considered the Parties' briefings and the record, the Court finds that early termination of supervision is not appropriate at this time. The Court commends Defendant on his positive performance on supervised release. However, given the serious nature of Defendant's offense, as well as his conduct while in prison, Defendant's term and conditions of supervised release remain well-supported. Defendant argues his good behavior warrants early termination of supervised release. However, Defendant's motion lacks sufficient detail concerning his conduct while on supervised release for the Court to assess his performance. Notably, the motion fails to include any information from Defendant's Probation Officer about how he has

3

been performing on supervised release or whether the Probation Office supports his request for early termination.  Moreover, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."  United States v. Bauer, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); accord United States v. Sine, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

Therefore, the Court finds that continued supervision is warranted at this time and denies Defendant's motion.

**ORDER**

For the reasons above, Defendant's Motion for Early Termination of Supervised Release (ECF No. 163) is DENIED.

IT IS SO ORDERED.

Dated: March 13, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE